## THE CITY OF EVANSVILLE *v.* THAYER ET AL.

PRACTICE.— *Surplusage.— Uncertainty.—Pleading.—Demurrer.*— Uncertainty or surplusage in a pleading can not be reached by demurrer, but only by motion.

SAME.—*Motion to Strike Out.*—A paragraph of answer amounting only to the general denial, which is also pleaded, may be properly struck out on motion.

CITY.—*Liability for Publication of Delinquent List.—Pleading.*—A city is liable, on a common count for work and labor, to one who, on request of her authorized agents, publishes her delinquent list of tax-payers in a newspaper.

SAME.—*Payment.*—An answer in such action, that such publication had been made by another, who had been paid therefor, is insufficient.

From the Vanderburgh Circuit Court.

*P. Maier,* for appellant.

*C. Denby* and *D. B. Kumler,* for appellees.

PERKINS, J.—Suit by the appellees, against the appellant, to recover for the printing of the delinquent list of appellant for the year 1875.

The single paragraph of the complaint, upon which the cause was tried, alleged, that the list was delivered to the appellees by the city collector, pursuant to the direction of the city council; that the list was duly published; that its publication was worth the sum of nine hundred and sixteen dollars and fifteen cents; that the council, on the 6th of April, 1875, ordered the amount paid, but subsequently rescinded the order.

The paragraph contained a great deal of surplusage, and was somewhat uncertain, but there was no motion to strike out or make more certain; and, on demurrer, the paragraph was sufficient. It was good as a common count for labor done.

Answer in two paragraphs:

1. General denial; and,

2. That the city collector had published the delinquent list in a paper other than the paper of appellees, that said other paper had been paid, and that he did not publish in the paper of appellees.

This paragraph was struck out on motion, and properly, as amounting to no more than the general denial already in. If the appellees were legally employed by the collector to publish the list, his publishing it in other papers would not operate as payment to the appellees.

Trial by the court; finding for appellees, and judgment, over a motion for a new trial, on the finding.

The only error assigned, presenting further questions to be noticed, is the overruling of the motion for a new trial.

The only causes assigned in the motion were, that

the finding was contrary to law, and unsustained by evidence.

The evidence is in the record. It establishes the fact that the delinquent list in question was delivered to the appellees, without objection on the part of the collector, by the deputy city collector, pursuant to the direction of the city council, for publication in their paper; that it was duly published, and that its publication was worth the amount for which judgment was rendered.

The only question in the case is one of fact. Were the appellees employed by proper authority to publish the list in question? The court trying the cause so found, and the evidence clearly justified the finding.

The city contends, that the city collector was not bound by law to follow her directions in publishing the delinquent list. Admit it. But, if he did, it would not vitiate the publication, nor prevent liability attaching to the city to pay for it. If the city had no power to direct the publication, the collector was not bound to follow the direction, and, if he did follow it, it was his voluntary act; and it is not for the city now to refuse to pay for work her collector procured to be done pursuant to her direction.

The judgment is affirmed, with costs and five per cent. damages.